UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUAN-JOSE': BROOKINS,<br>*Plaintiff*,<br><br>v.<br><br>ROBERTA NAPOLITANO *et al.*,<br>*Defendants*. | No. 3:24-cv-00115 (JAM) |

**ORDER GRANTING [26] MOTION TO DISMISS**

In 2022, Donatien Masala filed a Chapter 13 bankruptcy petition. The Chapter 13 Trustee for the District of Connecticut, Defendant Roberta Napolitano, moved to dismiss Masala's petition for failure to propose a confirmable plan. The Bankruptcy Court granted the motion and dismissed the petition. Plaintiff Reverend Juan-Jose': Brookins, a third party, appealed the decision to this Court. The Court[1] dismissed Brookins's appeal for lack of standing. Brookins then filed the instant complaint alleging in relevant part that the Trustee deprived him of his rights under color of state law. Pending before the Court is the Trustee's motion to dismiss the case.[2]

For the reasons set forth below, the motion to dismiss is GRANTED.

### BACKGROUND

On June 2, 2022, Donatien Masala, attempting to save his home from foreclosure, filed a Chapter 13 petition with the United States Bankruptcy Court for the District of Connecticut. *See In re Masala*, 5:22-bk-50272 (Bankr. D. Conn. 2022); *see also Masala v. Napolitano*, 2024 WL 1157261, at *1 (D. Conn. 2024). The Bankruptcy Trustee, Roberta Napolitano, moved to dismiss

---

[1] The prior bankruptcy appeal and this present action were previously assigned to Judge Meyer. The instant action was reassigned to the undersigned upon Judge Meyer's passing.
[2] Plaintiff also named Secretary Janet Yellen and Brock & Scott PLLC as defendants. By Order dated January 24, 2025, claims against both of these defendants were dismissed for failure to effect timely service. ECF No. 42.

1

the petition because Masala's filings showed a negative monthly income, meaning that he was unable to propose a confirmable plan. *See Masala*, 2024 WL 1157261, at *1; *see also* 11 U.S.C. § 1307(c)(5). During a Bankruptcy Court hearing, Judge Manning read into the record a letter stating that Brookins would act as Masala's surety for certain debts. *See Masala*, 2024 WL 1157261, at *1. After the Judge nonetheless granted the Trustee's motion to dismiss Masala's Chapter 13 petition, Brookins filed a notice of error and request for an investigation, which the Bankruptcy Court ultimately denied. Brookins subsequently appealed to this Court. *See ibid.*

Although a district court has appellate jurisdiction over a final judgment or order of a bankruptcy court under 28 U.S.C. § 158(a)(1), the Court dismissed Brookins's appeal for lack of standing. *See id.* at 2. The Bankruptcy Court later discharged the Trustee and closed Masala's case.[3]

Brookins had meanwhile filed the instant complaint, alleging claims against the Trustee to include a claim that she deprived him of his rights under color of state law pursuant to 42 U.S.C. § 1983. In his complaint, he makes the remarkable assertion that he had tendered to the Trustee "several non-negotiable Security Instruments" and a "Set-Off Bond" in the amount of $1,000,000.00 from an account with a total value of $6,459,993,000.00, and that when the Trustee "failed to administer the discharge of the debt in accordance with the Public Policy of the United States using those Securities, she deprived [Brookins] of a remedy he is entitled to by operation of law." ECF No. 1 at 13, 15, 18, 20.

---

[3] *In re Masala*, Doc. #97 at 1.

**DISCUSSION**

The Trustee seeks dismissal of this case for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. ECF No. 26. Because a Rule 12(b)(1) motion concerns the Court's subject-matter jurisdiction—a threshold issue—it must be addressed first. *See Dolginko v. Long Island R.R.*, 2024 WL 1282360, at *2 (E.D.N.Y. 2024) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)). On a Rule 12(b)(1) motion, the plaintiff—as the individual invoking jurisdiction—bears the burden to demonstrate that jurisdiction indeed exists. *MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 141 (2d Cir. 2011) (*per curiam*); *Mendoza v. USCIS*, 2022 WL 1090525, at *2 (S.D.N.Y. 2022).[4] "When [as here,] the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it . . . the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether, after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Id.* at 56-57.

"A trustee in bankruptcy is an officer of the court that appoints him." *In re Lehal Realty Assocs.*, 101 F.3d 272, 276 (2d Cir. 1996). And when an individual wishes to sue a bankruptcy trustee for acts taken in that trustee's capacity as an officer of the court, the individual "must first seek leave from the bankruptcy court before filing a lawsuit against the trustee." *Amelio v. Morris*, 2019 WL 5294931, at *2 (S.D.N.Y. 2019) (citing *In re Lehal Realty*, 101 F.3d at 276).

---

[4] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

3

Failure to do so implicates the Court's subject matter jurisdiction. *See In re Cumberbatch,* 657 B.R. 683, 699 (Bankr. E.D.N.Y. 2024).

This rule, known as the *Barton* Doctrine, derives from the Supreme Court's decision in *Barton v. Barbour*, 104 U.S. 126, 131 (1881), and its progeny. *See, e.g.*, *In re Biebel*, 2009 WL 1451637, at *3 (Bankr. D. Conn. 2009) (collecting cases). The purpose of the *Barton* Doctrine is to "give effect to the appointing court's strong interest in protecting the trustee from personal liability for acts taken within the scope of the trustee's official duty." *Peia v. Coan*, 2006 WL 798873, at *2 (D. Conn. 2006). "Courts have consistently applied the *Barton* Doctrine broadly to prevent suits against court-appointed officers in a wide variety of circumstances." *MF Global Holdings Ltd. v. Allied World Assur. Co.* (*In re MF Global Holdings Ltd.*), 562 B.R. 866, 876 (Bankr. S.D.N.Y. 2017). The rule does not preclude all suits against a trustee for actions taken in their official capacity. Rather, it requires "that [a plaintiff] must simply obtain leave of the court that appointed the trustee before suing the trustee in another court." *Plimpton v. Bank of Jackson Hole*, 2021 WL 765243, at *11 (D. Conn. 2021) (citing *In re Lehal Realty*, 101 F.3d at 276).

However, there is a statutory exception to the *Barton* Doctrine. Individuals need not obtain leave of the appointing court before suing a bankruptcy trustee "if the claim is based on the trustee's 'acts or transactions in carrying on business connected with' the bankruptcy estate, as opposed to the trustee's acts or transactions in carrying out his responsibilities as trustee." *Peia*, 2006 WL 798873, at *2 (quoting 28 U.S.C. § 959(a)). Some courts have allowed additional exceptions. *See Plimpton*, 2021 WL 765243, at *12 (collecting cases). Others, however, have declined to recognize "some generalized tort exception to the *Barton* doctrine." *Ibid.* (quoting *Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir. 2004)). Significantly, the Second Circuit "has not yet endorsed" any non-statutory exceptions to the *Barton* Doctrine. *Id.* at *14.

Applying these principles, it is manifest that the Court is without subject matter jurisdiction. Napolitano, as Chapter 13 Trustee, is an officer of the Bankruptcy Court, and Brookins admits he did not seek leave of the Bankruptcy Court before bringing this action. ECF No. 37 at 2. Notwithstanding this admission, he argues that he did not have to seek leave because the allegations in his complaint do not concern actions taken in the scope of the Trustee's official capacity, such that the *Barton* Doctrine does not apply. He posits that the Trustee is "being sued in her personal capacity for her negligence." ECF No. 33 at 2-3. The Court is not persuaded. The claim against the Trustee concerns her alleged refusal to discharge Masala's debts using the questionable "securities" that Brookins purports to have tendered—a decision that was clearly made within the scope of her official duties as trustee. And because this conduct falls squarely in the compass of those official duties, and therefore the *Barton* Doctrine, there is no need to assess whether any exceptions—statutory or otherwise—are implicated. In short, Brookins was required to obtain leave from the Bankruptcy Court before commencing this action—and absent that leave, this Court lacks jurisdiction.

Because the Court dismisses this case for lack of subject matter jurisdiction, the Court need not and does not take up the parties' Rule 12(b)(6) arguments. *See Rhulen*, 896 F.2d at 678.

## Conclusion

For the reasons set forth above, the Trustee's motion to dismiss [26] is GRANTED.

It is so ordered.

Dated at Bridgeport, Connecticut this 24th day of January 2025.

/s/_____
Kari A. Dooley
United States District Judge

5